UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STEVE C. HARMON, etc.,** | **CASE NO.  1:06CV2845** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | |
| **ST. AUGUSTINE MANOR, et al.,** | **OPINION AND ORDER** |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #7) of Plaintiff, Steve C. Harmon, individually and as Administrator of the Estate of Savannah Harmon, to Remand this matter to the Cuyahoga County Court of Common Pleas.  For the reasons that follow, the Motion to Remand is granted.

**I. FACTUAL BACKGROUND**

On October 24, 2006, Plaintiff Harmon filed a medical malpractice and wrongful death action in Cuyahoga County Common Pleas Court against Defendants, St. Augustine Manor, Hazem Nouraldin, M.D., and Premier Physicians Centers, Inc.  In Count III, Plaintiff alleges: "As a direct and proximate result of Defendants St. Augustine Manor and/or John

Doe Corporation No. 1's violations of Ohio Revised Code §3721.13 and 42 C.F.R. § 483, *et seq*., Savannah Harmon suffered pain and suffering, medical expenses, emotional distress and other significant injuries to her person and well-being that continued until her death."  In a Count captioned "Miscellaneous Allegations", Plaintiff alleges: "Civil Rule 10, as amended effective July 10, 2005, is unconstitutional."  "To the extent any provisions of Amended Substitute Senate Bill No. 281, as codified, are applied or attempted to be applied to this action, those provisions are unconstitutional."  "To the extent any provisions of Substitute Senate Bill No. 179, as codified, are applied or attempted to be applied to this action, those provisions are unconstitutional."

On November 27, 2006, Defendant St. Augustine Manor, with the consent of the other named defendants, filed a Petition for Removal.  Since the Complaint alleges a violation of Medicaid regulations, 42 C.F.R. § 483, as well as a constitutional violation, Defendants assert the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and/or § 1343(a)(3).

## II. LAW AND ANALYSIS

### Notice of Removal

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court."  *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D. Ky. 1990).  The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Electronic Data Systems Corp*., 13 F. 3d. 940, 949 (6th Cir. 1994).  "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly."  *Cole*, 728 F.Supp. at 1307 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).  A

removed case must be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D. Ky. 1967); *see also Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir. 1930).

**Federal Question**

28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Although Plaintiff's Complaint alleges a violation of Medicaid regulations, particularly 42 C.F.R. § 483, *et seq.*, concerning patient's rights, the Complaint does not "arise under the laws of the United States" as contemplated by § 1331. No private remedy is implied on behalf of a recipient under the Medicaid Act and the regulations promulgated under it. *Fuzie v. Manor Care, Inc.*, 461 F. Supp. 689 (N.D. Ohio 1977). It is a general doctrine of statutory construction adopted by the United States Supreme Court that "[t]he rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law. Rather, it is 'the power to adopt regulations to carry into effect the will of Congress as expressed by the statute.'" *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213-14 (1976). "[T]he Medicaid Act and the regulations contemplate administrative rather than judicial enforcement of the legislation's requirements." *Fuzie*, 461 F. Supp. at 696. Moreover, the "primary responsibility of implementing the Medicaid Program, of determining recipient eligibility for participation, and

of ensuring that 'care and services will be provided in a manner consistent with simplicity of administration and the best interests of the recipients' is placed upon each participating state ..." *Id*. Since there is no private right of action created or implied in the Medicaid Act or its accompanying regulations, no federal question is brought before this Court by Plaintiff's Complaint, and remand is mandated.

> A private right of action, utilized to enforce specific, limited portions of federal regulations on an Ad hoc basis would circumvent the responsibility of the state to administer its plan in an organized manner 'consistent with simplicity of administration and the best interests of the recipients,' 42 U.S.C. s1396a(a)(19), transferring the primary obligation in such cases from the administrative personnel intended to bear it to the federal courts. *Fuzie*, 461 F.Supp. at 697.

The United States Supreme Court has likewise acknowledged that a case may "'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust Fund*, 463 U.S. 1, 13 (1983); *Heydon v. MediaOne of Southeast Michigan, Inc*., 327 F. 3d 466, 471 (6th Cir. 2003).  Nevertheless, this "substantial federal question" doctrine is limited in scope.  The failure of Congress to specifically set out a private remedy in a federal statute is "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 (1986); *Heydon*, 327 F. 3d at 472.  A provision for a private right of action is absent from the Medicaid Act; so, pursuant to *Merrell Dow*, this Court is without federal-question jurisdiction over the instant case.

**Civil Rights**

28 U.S.C. § 1343(a)(3) recites: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: ... To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States ..." In this regard, the Supreme Court announced the following general rule: "[W]here it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction." *Smith v. Kansas Title & Trust Co.*, 255 U.S. 180, 199 (1921).

In the instant Complaint, Plaintiff simply alleges, under the heading, "Miscellaneous Allegations," that certain Ohio rules and statutes are unconstitutional as applied. Plaintiff does not specify whether the Ohio or Federal Constitution is implicated. Further, Plaintiff recites no prayer for relief regarding the supposed unconstitutionality. Thus, Plaintiff is seeking no redress for the deprivation of constitutional rights, privileges or immunities. Without it clearly appearing from the Complaint that relief depends upon the application or construction of the United States Constitution, this Court lacks original jurisdiction under 28 U.S.C. § 1343(a)(3).

### III. CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over the claims alleged in Plaintiff's Complaint.  Therefore, Plaintiff's Motion to Remand is granted, and the captioned case is returned to the Common Pleas Court of Cuyahoga County.

**IT IS SO ORDERED.**

**DATE: April 5, 2007**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**